IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WANDA STRINGER                                                    PLAINTIFF

                                                                 **LEAD CASE**
V.                                    CIVIL ACTION NO. 4:15CV107-NBB-JMV

NORTH BOLIVAR CONSOLIDATED SCHOOL DISTRICT;
NORTH BOLIVAR CONSOLIDATED SCHOOL DISTRICT
BOARD OF TRUSTEES; JOHNNIE VICK, Individually and
In His Official Capacity; WILLIAM LUCAS, JR., Individually
and In His Official Capacity; GLEN SCOTT, Individually and
In His Official Capacity; JACKLON I. HAYWOOD, Individually
and In Her Official Capacity; JEFFERICK BUTLER, Individually
and In His Official Capacity; JOHN COLEMAN, Individually and
In His Official Capacity; WILLIAM CROCKETT, Individually
and In His Official Capacity; AND JOHN DOES 1-10              DEFENDANTS

                         CONSOLIDATED WITH

WANDA STRINGER                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 4:15CV108
                                          CIVIL ACTION NO. 4:15CV109
                                          CIVIL ACTION NO. 4:15CV110

NORTH BOLIVAR CONSOLIDATED SCHOOL DISTRICT, ET AL.          DEFENDANTS


                **ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT**

        Presently before the court are the plaintiff's motions for default judgment.  Upon due

consideration, the court finds that the motions are not well taken and should be denied.

        On August 18, 2015, plaintiff Wanda Stringer filed, *pro se*, four lawsuits against the

defendants which have now been consolidated on the defendants' motion.  At the time of the

filing of the present lawsuits, the plaintiff was represented by counsel in another then-pending

lawsuit in this court against virtually the same defendants, Cause Number 4:14-cv-00091-DMB-

JMV.  The defendants advise that lead counsel for the defendants in the earlier lawsuit had left

the firm just prior to Stringer's filing of the four lawsuits here. The defendants assert that they and the board attorney for the defendants utilized former lead counsel's email address to provide notice of the four new lawsuits to their defense firm, and apparently said notice did not reach current defense counsel in a timely manner. On September 28, 2015, the board attorney for defendant North Bolivar Consolidated School District successfully provided notification of the new lawsuits to the current lead counsel, and she filed a notice of entry of appearance on October 8, 2015. Answers to the lawsuits were filed on November 17, 2015. During this time period, the litigation in the plaintiff's first case was moving to trial, which at the time was set for January 2016.

The defendants represent to the court that within days of becoming aware of the new lawsuits, they promptly retained counsel who began preparing the above-referenced motion to consolidate as well as an answer and affirmative defenses. They assert they did not act in bad faith and were unaware of the Clerk's entry of default in these cases at the time it was filed but took all other steps to protect their interests, as evidenced by the matters that have been filed, including all discovery as well as motions for summary judgment. The record is consistent with the defendants' assertions, and the court finds that the defenses of mistake, inadvertence, and excusable neglect are applicable and meritorious in this instance.

"Because default judgments are seen as drastic remedies, 'a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Freilich v. Green Energy Resources, Inc.*, 297 F.R.D. 277, 280 (W.D. Texas 2014) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "This is precisely because '[a] default judgment is a judgment on the merits that conclusively establishes the defendant's liability.'"

*Freilich*, 297 F.R.D. at 280 (quoting *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). "Entering a default judgment is solely within the discretion of the district court." *Id.* (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

For the foregoing reasons, the court finds that the plaintiff's motions for default judgment should be, and the same are hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 23rd day of September, 2016.

 /s/ Neal Biggers_____
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**